IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LYNN WATERS,

    Plaintiff,                    No. CIV S-10-2420 GGH P

    vs.

OFFICER R. ECKMANN,

    Defendant.                 <u>ORDER</u>

_____/

        Plaintiff, a state prisoner at California State Prison-Corcoran, has filed a document styled "Motion for Preliminary Injunction and Imminent Danger, Emergency," which he states is presented under the Americans With Disabilities Act, apparently seeking to have Officer R. Eckmann pay him damages in the amount of $100,000.00 for putting him in fear by threatening to put a cellmate in with plaintiff even though plaintiff apparently has single cell status for mental health reasons and for allegedly saying that he (defendant) is going to be sure that plaintiff either kills someone or is killed. See Motion, pp. 1-4. Plaintiff appears to be alleging that defendant Eckmann is not crediting his single cell status from Pelican Bay and also claims defendant Eckmann has withheld unspecified evidence that would have been somehow helpful to plaintiff. Id. at 4.

        No other pleadings have been filed by the plaintiff. In other words, there is no underlying complaint with named defendants against whom plaintiff has framed colorable claims


that could afford this court jurisdiction to grant or deny a motion for preliminary injunction, even assuming, which he has not, plaintiff had submitted a properly supported affidavit sufficient to warrant consideration of such relief.

Moreover, any alleged violations that might be construed to have arisen took place in Kings County, which is part of the Fresno Division of the United States District Court for the Eastern District of California.  See Local Rule 120(d).

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court.  Therefore, this motion, such as it is, will be transferred to the Fresno Division of the court.  Plaintiff is informed, however, that to commence an action, he must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and plaintiff must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).

In addition, plaintiff should be aware that the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) requires that inmates must exhaust administrative remedies, regardless of the relief offered through administrative remedies.  Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001) (inmates seeking money damages are required to exhaust administrative remedies even where the grievance process does not permit awards of money damages).  Furthermore, 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action, and the application to proceed in forma pauperis by a prisoner.

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

2. This action is transferred to the United States District Court for the Eastern District of California sitting in Fresno; and

3. All future filings shall reference the new Fresno case number assigned and shall be filed at:

> United States District Court
> Eastern District of California
> 2500 Tulare Street
> Fresno, CA 93721

DATED: September 14, 2010

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
wate2420.22+