# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>                    Plaintiff,<br><br>     v.<br><br>R. ECKMANN,<br><br>                    Defendant.<br>_____/ | CASE NO. 1:10-cv-01667-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DIRECTING PLAINTIFF TO FILE A COMPLAINT WITHIN THIRTY DAYS<br><br>(ECF No. 1) |

On September 9, 2010, Plaintiff Michael Lynn Waters ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed an emergency motion for a preliminary injunction. On March 11, 2011, Plaintiff filed a notice of change of address stating that he is now being housed at California State Prison, Sacramento. Although it is unclear from Plaintiff's motion it appears he is requesting monetary damages for not being allowed to be single celled while housed at Corcoran State Prison.

As Plaintiff was advised in the order transferring this action issued on September 14, 2010, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Additionally, a complaint must be filed in order for the court to set a hearing on a temporary restraining order or preliminary injunction. Local Rule 231. This action may not proceed without a complaint on file. By this order, Plaintiff will be provided with the opportunity to file a complaint. If Plaintiff does not wish to proceed with this civil action he may file a notice of voluntary dismissal.

Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions

1

shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is no longer incarcerated at Corcoran State Prison any injunctive relief he is seeking is moot.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for a preliminary injunction, filed September 9, 2010, is DENIED, as moot;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

   a. File a complaint, or

   b. File a notice of voluntary dismissal; and

4. The failure to comply with this order will result in the closure of this file.

IT IS SO ORDERED.

**Dated:   April 1, 2011**                    /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE